Felix J. Aulisi, J.
In this proceeding the Amsterdam Parking Authority seeks to acquire by condemnation title to and possession of certain lands in the city of Amsterdam owned and occupied by the defendants in connection with constructing and maintaining two parking lots, and in support of justifying the relief it requests, the Authority has offered considerable testimony. The defendants have moved for a dismissal of the plaintiff’s petition upon various grounds among which are that the Authority has failed to prove that there is a necessity for additional parking space,* that the Authority has failed to negotiate in good faith for the purchase of said lands and that said parking lots would not be in the public interest but would principally benefit private merchants whose business establishments are in the area of the parking lots.
A careful consideration of the evidence before me leads me to the conclusion that the position of the defendants is untenable.
*967 There is here sufficient proof that there is a parking problem in the city of Amsterdam. But even in the absence of such proof it is perfectly clear to any one who uses our streets in the business section that there is a shortage of parking space. Amsterdam is one of the older cities in the northeastern section of our country and its streets were not laid out with the thought that they would be intensively used by high-speed and easily maneuverable automobiles, trucks and tractor-trailers, some of which are as large as railroad freight cars. The result has been the cluttering with parked cars of practically every available street in the business section of our city. In such a situation, it appears to me that the public interest and necessity requires the construction of these parking lots, for the reason that this will remove many parked cars from the streets where they bring about traffic congestion and are a constant menace to the welfare and safety of our people.
As to the right of the Authority to acquire the lands in question, there is no longer any doubt. Speaking for the Court of Appeals in Denihan Enterprises v. O’Dwyer (302 N. Y. 451, 458) Judge Froessel said: “ Nor do we question the legality of thé concept that private property may be condemned for parking motor vehicles when the public is primarily served in the taking of such vehicles from our streets to relieve traffic congestion ’ \
The defendants have questioned the degree of relief that will be afforded by the construction of the two parking lots. I am satisfied from the proof that the present cohdition will be alleviated and if that be a fact and I so find, then it must be held that the public purpose is being served. The fact that private merchants may be benefited by a condemnation project does not render it illegal where the public good is enhanced (Matter of Murray v. La Guardia, 291 N. Y. 320). Condemnation of property nearly always results in some inconvenience to those whose property is taken but the test which we should and must apply is “ the greater good for the greater number
In view of the great amount of time which was spent during the hearings ott the question of forcing one of the defendants to liquidate its business and move from Amsterdam, I feel that it is incumbent Upon me to say that no Ainsterdamian — least of all the members of the Barking Authority, this court, or the attorneys for the defendants — desires to see an employer move from our city. The very opposite is the fact. Can anyone, in good conscience truly say that with about two million sqüáre feet of factory space available, that any employer would be forced to move because of the lack of factory space Í
*968 Finally, I find that the plaintiff attempted in good faith to negotiate for the purchase of said lands. Nearly a year has passed since the defendants had some knowledge that it was contemplated that said lands would be needed for parking lots. At least on one occasion an offer to purchase was made to each of the defendants prior to the commencement of these proceedings and it is interesting to note that even now, more than two months after these proceedings were initiated and several hearings have been held, some of the defendants as yet do not know how much they want for their property.
In conclusion I, therefore, find and decide that there is a necessity for the construction of said parking lots; that said construction is in the public interest; and that the plaintiff has met the requirements of the Condemnation Law of the State of New York.
All of the defendants’ motions are denied.
I further find that the plaintiff is entitled to the possession of the respective lands as follows:
Crane-Trevett premises •— July 1,1958
Tesiero Brothers premises — September 1, 1958
Sheepskin Lining Co. Inc. premises — September 1, 1958
Francis L. Silverblatt'premises — December 1, 1958
I further appoint the following as Commissioners of Appraisers, viz.:
Attorney Archie C. McKee of Amsterdam, N. Y.
Beal Estate Broker Walter J. Going of Amsterdam, N. Y.
Attorney Theodore A. Cocea of Amsterdam, N. Y.
Findings of fact, conclusions of law and judgment of condemnation may be submitted on or before June 9, 1958.